

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-93,196-01

### EX PARTE JAYLYNN FAYANN CAFFEY, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS CAUSE NO. 4900-A IN THE 271ST DISTRICT COURT FROM JACK COUNTY

*Per curiam*.

### O R D E R

Applicant pleaded guilty to murder and was sentenced to 20 years' imprisonment. Applicant filed this application for a writ of habeas corpus in the county of conviction, and the district clerk forwarded it to this Court. *See* TEX. CODE CRIM. PROC. art. 11.07.

Applicant contends that her plea was involuntary because trial counsel failed to investigate and present potentially mitigating evidence that: (a) the victim had sexually assaulted Applicant's daughter and that offense had not been investigated; and (b) Applicant had been abused and suffered mental health problems. Applicant also asserts that defense counsel failed to prepare a defense and told Applicant that she would receive a life sentence if she did not accept the State's 20-year plea offer.

Applicant has alleged facts that, if true, might entitle her to relief. *Hill v. Lockhart*, 474 U.S. 52 (1985); *Ex parte Argent*, 393 S.W.3d 781 (Tex. Crim. App. 2013). Accordingly, the record should be developed. The trial court is the appropriate forum for findings of fact. TEX. CODE CRIM. PROC. art. 11.07, § 3(d). The trial court shall order trial counsel to respond to Applicant's claim. In developing the record, the trial court may use any means set out in Article 11.07, § 3(d). If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wants to be represented by counsel, the trial court shall appoint counsel to represent her at the hearing. *See* TEX. CODE CRIM. PROC. art. 26.04. If counsel is appointed or retained, the trial court shall immediately notify this Court of counsel's name.

The trial court shall make findings of fact and conclusions of law as to whether trial counsel's performance was deficient and Applicant would have insisted on a trial but for counsel's alleged deficient performance. The trial court may make any other findings and conclusions that it deems appropriate in response to Applicant's claims.

The trial court shall make findings of fact and conclusions of law within ninety days from the date of this order. The district clerk shall then immediately forward to this Court the trial court's findings and conclusions and the record developed on remand, including, among other things, affidavits, motions, objections, proposed findings and conclusions, orders, and transcripts from hearings and depositions. *See* TEX. R. APP. P. 73.4(b)(4). Any extensions of time must be requested by the trial court and obtained from this Court.


Filed: November 24, 2021
Do not publish